**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE No.: 6:20-cv-02275-JA-DCI

MICHELLE STRICKLAND,

   Plaintiff,

vs.

JNG BEEF, LLC, and TRC WINGS, INC.,

   Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 55(b)(2), AFTER CLERK'S ENTRY OF DEFAULT AS TO DEFENDANT TRC WINGS INC., AND INCORPOATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, MICHELLE STRICKLAND (hereinafter "Plaintiff") by and through her undersigned counsel, hereby files Plaintiff's Motion For Entry of Judgment After Default As To Defendant TRC WINGS INC., And Incorporated Memorandum of Law in Support, pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Honorable Court to enter Judgment after Default against Defendant, TRC WINGS INC., (hereinafter the "Defendant"), and in support thereof states as follows:

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This is an action for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). Plaintiff qualifies as a disabled person within the meaning of the ADA and uses a wheelchair for mobility. Plaintiff has cerebral palsy. Since childhood, she has been required to traverse in a wheelchair, and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, grasping, and/or pinching. Defendant, TRC WINGS INC., is the owner and operator of

1

the business (*See attached hereto* Exhibit A – Sunbiz Corporate Details) and (*See attached hereto* Exhibit B – Department of Business And Professional Regulations Information), for the place of business known as BEEF O BRADYS, located at 1610 S. Dixie Freeway, New Smyrna Beach, Florida, 32168.

Defendant, TRC WINGS INC., was properly served with the Summons and Complaint on December 22, 2020 [DE 10] but failed to file any responsive pleading. Clerk's Default was entered against Defendant, TRC WINGS INC., on February 2, 2021 [DE 13].

The Plaintiff personally visited on or about September 26, 2020 Defendant's Subject Property and Facilities, but was denied full and equal access to, and full and equal enjoyment of, the facilities services, goods, privileges and accommodations offered within Defendant's Subject Property and Facilities, which is the subject of this lawsuit, even though she would be classified as a "bona fide patron", because of her disabilities. Plaintiff lives in Volusia County, Florida, in close proximity to, Defendant, (within 14.5 miles) and travels in the surrounding areas near Defendant's Subject Property and Facilities on a regular basis.

Defendant has discriminated, and continues to discriminate, against the Plaintiff, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Subject Property and Facilities in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

Defendants' Subject Property and Facilities are in violation of 42 U.S.C. §12182 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and are discriminating against the Plaintiff, as a result of interalia, the following specific violations:

a) Failure to provide ADA compliant number of accessible parking spaces, in violation of 2017 FAC, 2014 FAC and 2010 ADAS Section 208.2. Barrier removal is "readily achievable" by providing one ADA compliant, 12-foot-wide, properly striped, marked and designated, parking space, as required under 2014 FAC and 2010 ADAS Section 208.2. The estimated cost is between $1500.00 and $9500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

b) Failure to provide ADA compliant parking stall on the shortest accessible route to the building, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 208.3.1. Barrier removal is "readily achievable" by providing one ADA compliant parking stall on the shortest accessible route to the building, as required under 2014 FAC and 2010 ADAS Section 208.3.1. The estimated cost is between $1500.00 and $6500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

c) Failure to provide ADA compliant accessible parking spaces and access aisle on a firm, stable, slip resistant surface, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.4 and 302.1. Barrier removal is "readily achievable" by providing resurfacing the area and provided one ADA compliant, 12-foot-wide, properly striped, marked and designated, parking space, as required under 2014 FAC Section 502.4 and 302.1. The estimated cost is between $1500.00 and $4500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

d) Failure to provide ADA compliant parking stall striping and markings, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.3.3. Barrier removal is "readily achievable" by providing one ADA compliant, 12-foot-wide, properly striped, marked and designated, parking space, as required under 2014 FAC Section 502.3.3.

      The estimated cost is between $1500.00 and $4500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

e) Failure to provide ADA compliant parking stall width clearance, in violation 2017 FAC, 2014 FAC Section 502.1. Barrier removal is "readily achievable" by providing one ADA compliant, 12-foot-wide, properly striped, marked and designated, parking space, as required under 2014 FAC Section 502.1. The estimated cost is between $1500.00 and $4500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

f) Failure to provide ADA compliant parking stall slope gradings, at several stalls throughout the subject facility, in violation 2017 FAC, and 2014 FAC Section 502.4. Barrier removal is "readily achievable" by providing ADA compliant parking stall slope gradings, as required under 2014 FAC Section 502.4. The estimated cost is between $2500.00 and $6500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

g) Failure to provide ADA compliant accessible route leading to building entrance, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 302.1. Barrier removal is "readily achievable" by providing ADA compliant accessible route leading to the building entrance, as required under 2014 FAC and 2010 ADAS Section 302.1. The estimated cost is $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

h) Failure to provide ADA compliant accessible route that does not provide abrupt changes in elevation greater than ¼ inch, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 303.2 and 303.3. Barrier removal is "readily achievable" by providing ADA compliant accessible route, as required under 2014 FAC and 2010

      ADAS Section 303.2 and 303.3. The estimated cost is between $1500.00 and $4500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

i) Failure to provide ADA compliant ramp slope grading, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 405.2. Barrier removal is "readily achievable" ADA compliant by providing proper slope grading, as required under 2014 FAC and 2010 ADAS Section 405.2. The estimated cost is between $2500.00 and $6500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

j) Failure to provide ADA compliant number of exterior table seating, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 226.1. Barrier removal is "readily achievable" by providing ADA compliant number of accessible table seating, as required under 2014 FAC and 2010 ADAS Section 226.1. The estimated cost is $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

k) Failure to provide ADA compliant exterior table clearances, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.1. Barrier removal is "readily achievable" by providing ADA compliant tables with compliant clearances, as required under 2014 FAC and 2010 ADAS Section 902.2. The estimated cost is between $1500.00 and $6500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

l) Failure to provide ADA compliant bar counter height, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1 and 904.4.2. Barrier removal is "readily achievable" by providing compliant counter at a height of no more than 36 inches, as

required under 2014 FAC and 2010 ADAS Section 904.4.1 and 904.4.2. The estimated cost is between $2500.00 and $6500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

m) Failure to provide ADA compliant number of interior table seating, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 226.1. Barrier removal is "readily achievable" by providing ADA compliant number of accessible table seating, as required under 2014 FAC and 2010 ADAS Section 226.1. The estimated cost is $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

n) Failure to provide ADA compliant interior table clearances, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.1. Barrier removal is "readily achievable" by providing ADA compliant tables with compliant clearances, as required under 2014 FAC and 2010 ADAS Section 902.2. The estimated cost is between $1500.00 and $6500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

o) Failure to provide ADA compliant number of interior booth table seating, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 226.1. Barrier removal is "readily achievable" by providing ADA compliant number of accessible booth table seating, as required under 2014 FAC and 2010 ADAS Section 226.1. The estimated cost is $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

p) Failure to provide ADA compliant interior booth table clearances, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.1. Barrier removal is "readily achievable" by providing ADA compliant booth tables with compliant clearances, as

required under 2014 FAC and 2010 ADAS Section 902.2. The estimated cost is between $1500.00 and $6500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

q) Failure to provide ADA compliant counter clear floor space, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1. Barrier removal is "readily achievable" by providing compliant counter clear floor space, as required under 2014 FAC and 2010 ADAS Section 904.4.1. The estimated cost is between $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

r) Failure to provide ADA compliant directional signage to accessible restroom, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 216.8. Barrier removal is "readily achievable" by providing ADA compliant directional and informational signage leading to the restroom, as required under 2014 FAC and 2010 ADAS Section 216.8. The estimated cost is between $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

s) Failure to provide ADA compliant restroom signage, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 216.8. Barrier removal is "readily achievable" by providing ADA compliant restroom signage leading to the restroom, as required under 2014 FAC and 2010 ADAS Section 216.8. The estimated cost is between $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

t) Failure to provide ADA compliant restroom door hardware, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 309.4. Barrier removal is "readily achievable" by providing ADA compliant restroom door hardware, as required under 2014 FAC and 2010 ADAS Section 309.4. The estimated cost is between $150.00 and $1500.00.

    The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

u) Failure to provide ADA compliant restroom stall door hardware, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 309.4. Barrier removal is "readily achievable" by providing ADA compliant restroom stall door hardware, as required under 2014 FAC and 2010 ADAS Section 309.4. The estimated cost is between $150.00 and $1500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

v) Failure to provide ADA compliant stall door self-closing mechanism, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.8.1.2. Barrier removal is "readily achievable" by providing ADA stall door self-closing mechanism, as required under 2014 FAC and 2010 ADAS Section 604.8.1.2. The estimated cost is between $150.00 and $1500.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

w) Failure to provide ADA compliant mirror, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 603.3. Barrier removal is "readily achievable" by properly adjusting the mirror height, as required under 2014 FAC and 2010 ADAS Section 603.3. The estimated cost is between $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

x) Failure to provide ADA compliant hand dryer height, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 308.2.1. Barrier removal is "readily achievable" by properly adjusting the hand dryer height, as required under 2014 FAC and 2010 ADAS Section 603.3. The estimated cost is between $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

y) Failure to provide ADA compliant toilet paper location, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.7.  Barrier removal is "readily achievable" by providing ADA compliant properly mounted toilet paper dispenser, as required under 2014 FAC and 2010 ADAS Section 604.7. The estimated cost is between $150.00 and $1500.00.  The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

z) Failure to provide ADA compliant, unobstructed, lavatory/toilet clear floor space, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.3.2.  Barrier removal is "readily achievable" by reconfiguring the restroom, as required under 2014 FAC and 2010 ADAS Section 604.3.2. The estimated cost is between $0.00. The barrier removal is "readily achievable" and is beneficial to the Plaintiff by providing access.

The ADA has provided guidance on what is "readily achievable":

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include—
>
> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. §12181(9).

Plaintiff's counsel respectfully suggests that the ADA provided guidance on what is "readily achievable" as to (B)(C), and (D) 42 U.S.C. §12181(9), as cited above, is not demonstrable prior to discovery.

To date, the readily achievable barriers, as well as technically feasible, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The barriers to access at the Subject Facilities, as described above, have severely diminished Plaintiff's ability to avail herself of the goods and services offered at the Subject Property and Facilities, and compromise her safety.

In addition, these barriers, clearly are "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Plaintiff believes the filed Complaint, contains sufficient factual matter. Plaintiff's Complaint, which is accepted as true, provides more than the mere "statement of claim for relief". Plaintiff believes that these barriers beyond the mere pleading of "sheer possibility" of unlawful activity by the defendant and clearly offer "factual content that allows the court to draw the reasonable inferences that the defendants is liable for the misconduct alleged" *Id.* (citing *Twombly*, 550 U.S. at 556). Plaintiff believes she clearly meets this pleading standard, and as such Plaintiff believes she should be entitled to a default judgment.

## MEMORANDUM OF LAW

### I. PLAINTIFF IS ENTITLED TO FINAL DEFAULT JUDGMENT

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §12181, et seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against who affirmative relief is sought has failed to plead or otherwise defend as provided by the

Rules of Civil Procedure, such as the Defendant in this cause, a default shall be entered against that party. In this instance, Defendant was properly served with the Summons and Complaint filed herein and failed to respond in any manner. Therefore, a final judgment should be entered by the Court against said Defendant based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), and established January 26, 1992, as the date when all public accommodations had to comply therewith. 42 U.S.C. §12181; 28 CFR §36.508(a)(or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). Under this scenario, the Defendant's deadline for compliance with the ADA has long since passed. The property/place of business, which is owned and operated by the Defendant, TRC WINGS INC., which are the subject of this action. Defendant's subject property/place of business must be accessible by individuals with disabilities U.S.C. §12181(7) and 28 CFR §36.104, the subject property/place of business which are the subject of this action are a public accommodation covered by the ADA and which must be in compliance therewith.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA 28 CFR Part 36. Defendant is in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et seq., and are discriminating against Plaintiff. The discrimination is based on the Defendant's denying Plaintiff full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable.

Pursuant to 42 U.S.C. 12188(a)(2), the Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facility to make it readily achievable to and

11

useable by individuals with disabilities to the extent required by the ADA.  In Houston v. Petrol Enterprises, Inc., 0:11-cv-61464-MGC, at DE 78 (S.D.Fla. 3/22/13) default judgment was issued requiring the defendant to bring the violations described in the complaint into compliance with the ADA.  See also Houston v. Petrol Enterprises, Inc., 0:11-cv-61737-JIC, DE 15 (S.D. Fla. 01/30/2012)(same and awarding attorneys fees, costs and litigation expenses by separate order).  In Access 4 All, Inc. v. Ulster Heights Properties, Inc., 1:07-cv-2923 (S.D.N.Y. 2008), the Southern District of New York addressed the relief to which a plaintiff is entitled in the wake of a default.  Most recently, Kennedy v. Pacifica Tampa LTD Partnership, 5:17-cv-442 (M.D.Fla. 3/02/2018), the Middle District of Florida Honorable Judge Moody granted attorney fees, costs, expert fees, and litigation expenses.  These include the entry of judgment mandating that the Defendants bring its facility into full compliance with the ADA.  Further, the Court stated that Plaintiff is entitled to their attorney fees, costs, litigation expenses and expert fees incurred.

## II.     PLAINTIFF IS ENTITLED TO HIS ATTORNEY FEES, COSTS, LITIGATION EXPENSES AND EXPERT FEES

Plaintiff was obligated to retain undersigned counsel for the filing and prosecution of this action and has agreed to pay reasonable attorney's fees, including costs and litigation expenses as well as expert's fees and costs incurred in this action.  Plaintiff is entitled to recover those attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §12205.  An ADA plaintiff's attorney is entitled to recover the same costs, litigation expenses and fees that he or she would recover from a fee-paying client. Seldon v. 7-Eleven, Inc., 2016 U.S. Dist. LEXIS 86898*34 (N.D. Cal. 2016).

To recover attorney's fees under 42 U.S.C. §12205 a plaintiff must be a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). In order to be a "prevailing party" under Buckhannon, a plaintiff must not only achieve some

material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. Robertson v. Giuliani, 346 F.3d 75 (2d Cir. 2004); American Disability Association, Inc. v. Chimielarz, 289 F.3d 1315 (11th Cir.2002); Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003); Barrios v. Cal. Interscholastic Fedn., 277 F.3d 1128 (9th Cir. 2002). In the instant action, Plaintiff is the prevailing party pursuant to the Default.

Considerable time and effort were required to obtain the resolution of this case. Plaintiff filed this action requesting that Defendant timely remove barriers to access at its premises so that Plaintiff and other wheelchair bound disabled persons could avail themselves of the same goods and services enjoyed by the general public.

### III.    COSTS AND LITIGATION EXPENSES

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. The costs are defined by 28 U.S.C. § 1920, which provides for recovery of, inter alia, (1) fees of the Clerk and process server; (2) court reporter fees, "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under §1920. *See* Dowdell v. City of Apopka, 698 F.2d 1181, 1189-92 (11th Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." Id. At 1192. Dowdell reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs.

In Davis v. Mason County, 927 F.2d 1473, (9th Cir. 1991), the Ninth Circuit discussed the recovery of travel expenses under 42 U.S.C. §1988:

"Mason County fails to see that like the expert witness fees, the travel expenses

13

were not granted as costs under section 1920, but rather as out-of-court expenses compensable under section 1988. Courts have generally held that expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. Dowdell, *supra* at 1190, Palmigano v. Garraby, 707 F. 2d 636, 637 (1st cir 1983); Northcross v. Board of Education, 611 F.2d 624, 639 (6th Cir. 1979); cert. denied, 447 U.S. 911 (1980)."

As the Eleventh Circuit said in Dowdell:

"Reasonable attorney's fees' under the (Attorney's Fee Awards) Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenses which maybe essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay them, they must be borne by counsel, reducing the fees award accordingly. Thus, following the reasoning adopted in upholding the award of expert witness fees, we also affirm the district courts award of travel expenses pursuant to section 1998."

The ADA expressly states that the prevailing party may receive "reasonable attorneys fees, including litigation expenses and costs." 42 USC §12205. *See* Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002)("because the term "litigation expenses' normally encompasses expert witness fees, we hold that the statutory provision provides direct authority for the award of expert witness fees."); Robins. V. Scholastic Book Fairs, 928 F. Supp 1027, 1036 (D. Or. 1996)(finding that litigation expenses include the costs of expert witnesses).

## **CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that it's Motion for Entry Judgment After Default be granted, as Defendant, TRC WINGS INC., has failed to file answers and refused to appear and defend themselves in the current suit.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court (1) enter Judgment After Default against Defendant, TRC WINGS INC., enjoining them from discriminating against individuals with disabilities; (2) order the Defendant, TRC WINGS INC., to remove the architectural

barriers under the Americans with Disabilities Act, to the extent but not limited to, closing the subject facility until completion of all alterations necessary to make the premises accessible, and safe for individuals with disabilities and otherwise in compliance with the ADA and (3) retain jurisdiction regarding the issue of Plaintiff's attorney's fees, costs, expert fees, and litigation expenses incurred in this action.

Dated this 4th day of March 2021.

                By:/S/Joe M. Quick, Esq._____
                Joe M. Quick, Esq.
                Bar Number 0883794
                Attorney for Plaintiff
                Law Offices of Joe M. Quick, Esq.
                1224 S. Peninsula Drive #619
                Daytona Beach, Florida 32118
                Telephone: 386.212.3591
                Email: JMQuickEsq@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record, corporation, or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By:/S/Joe M. Quick, Esq.
Joe M. Quick, Esq.
Bar Number 0883794
Attorney for Plaintiff
Law Offices of Joe M. Quick, Esq.
1224 S. Peninsula Drive #619
Daytona Beach, Florida 32118
Telephone: 386.212.3591
Email: JMQuickEsq@gmail.com